UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BADEN SPORTS, INC.,

                Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN (DBA
MOLTEN JAPAN) AND MOLTEN U.S.A.,
INC.,

                Defendants.

No. C06-210P

ORDER DENYING DEFENDANTS'
MOTION FOR
RECONSIDERATION

This matter comes before the Court on Defendants' motion for reconsideration of the Court's

March 2nd, 2007, Order denying Defendants' motion to dismiss. (Dkt. No. 124.)   In the March 2

Order, the Court concluded that Baden may maintain an action for geographic misdescriptiveness

under the Lanham Act.  Molten requests that the Court reconsider that decision and conclude that

Plaintiff has failed to establish a violation of the Lanham Act.  For the following reasons, the Court

DENIES Defendants' motion for reconsideration.

Under Local Civil Rule 7(h), the Court will deny motions for reconsideration unless there is a

showing of manifest error in the prior ruling or a showing of new facts or legal authority which could

not have been brought to the Court's attention earlier with reasonable diligence.

In their motion for reconsideration, Defendants do not argue that the Court manifestly erred

when it concluded that "a failure to mark the country of origin is actionable under the Lanham Act."

(Ord. at 7.)  Instead, Defendants argue that Molten cannot be held responsible for the lack of country

of origin marking because Molten did not reasonably know that its European distributor would sell

ORDER - 1

1  Molten-brand basketballs to U.S. consumers. (Mot. at 3).  Defendants also argue that Plaintiffs have

2  conceded that FanAvenue (the purported European distributor) is not affiliated with Defendants in

3  terms of distributorship or any other affiliation.  Defendants offer an unsigned declaration in which an

4  unidentified FanAvenue employee states that FanAvenue is not affiliated with Molten and that Molten

5  has no knowledge of balls that are sent to U.S. consumers through the FIBA Store.[1] (See Dkt. No.

6  124-2.)  Defendants argue that this declaration "should resolve all doubts regarding the source of

7  Molten-brand basketballs sold to U.S. consumers from Europe."

8          Defendants have not made a compelling argument for reconsideration.  In the underlying

9  Order, the Court concluded that a failure to mark the country of origin on goods imported into the

10  United States is actionable under the Lanham Act.  The Court did not conclude, as Defendants'

11  briefing suggests, that Defendants are liable for such a violation here.  Instead, the Court specifically

12  declined to decide the issue because "the parties [had] not addressed whether the Lanham Act reaches

13  Molten in this instance where it is not Molten, but either Fan Avenue or FIBA, who is the actual

14  distributor of these basketballs to U.S. consumers." (Ord. at 7.)  The Court invited the parties to

15  discuss this issue in any further briefing on this claim.

16          A motion for reconsideration is not the proper vehicle for presenting additional arguments in

17  this regard.  First, whether Defendants reasonably knew that the basketballs would be distributed to

18  the United States is a fact issue that cannot be resolved in the context of a motion for reconsideration.

19  Second, Plaintiff has not had a reasonable opportunity to consider and brief whether it must show that

20  Defendants "reasonably knew" of the distribution chain.[2]  Third, Defendants have offered no reason

21

22          [1]      Defendants' offering of this declaration is disturbing.  Not only is it improper to submit
    as evidence an unsigned declaration from an unidentified person, see 28 U.S.C. § 1746, but Defendants
23  claim in their motion that "the FanAvenue Declaration did not arrive in time to be attached to [the]
    Request for Reconsideration."  Defendants assert that a signed version will be submitted "immediately
24  upon its receipt." But Defendants submitted their motion for reconsideration almost two weeks ago, and
    no such signed version has been filed.

25          [2]      Defendants cite Alto Products Corp. v. Ratek Indus. Ltd., 40 U.S.P.Q.2d 1728 (S.D.N.Y.
    1996) for the proposition that Defendants are not responsible for any Lanham Act violation because they
26  did not reasonably know that FanAvenue would sell Molten-brand basketballs to U.S. consumers.  In its
    previous Order, the Court only relied on Alto for the proposition that a failure to mark the country of

ORDER - 2

1    why it could not have brought the facts it now asserts to the Court's attention earlier.  And finally,

2    even if Defendants had a viable reason, the Court is not willing to consider an unsigned declaration by

3    an unidentified FanAvenue employee.

4            In conclusion, because the Court did not err in its conclusion that failure to mark the country

5    of origin is actionable under the Lanham Act, and because Molten has not shown that there are new

6    facts that could not have been brought to the Court's attention earlier with reasonable diligence, the

7    Court DENIES the motion for reconsideration.

8            The clerk is directed to send copies of this order to all counsel of record.

9        Dated: March 30th, 2007.

10

11                                        Marsha J. Pechman
                                          United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

origin is actionable under the Lanham Act.

ORDER - 3