UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BADEN SPORTS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>KABUSHIKI KAISHA MOLTEN (dba MOLTEN CORPORATION) and MOLTEN U.S.A. INC.,<br><br>    Defendants. | No. CV06-0210 MJP<br><br>ORDER ON PLAINTIFF BADEN'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Baden's motion to compel Defendants Molten USA and Molten Corporation to produce four documents. Having reviewed the parties' briefs, and all documents in support, the Court GRANTS Baden's motion to compel.

**Background**

Baden seeks to compel production of four documents withheld by Defendants. Defendants argue that the documents are protected by the attorney-client privilege and need not be disclosed. The documents relate to a legal opinion drafted by Dirk-Reiner Martens, an attorney for the Federation Internationale de Basketball ("FIBA"). (Martens Decl. ¶ 8.) Martens drafted the opinion at the behest of Patrick Baumann, Secretary General of FIBA. (Id.) Baumann provided a copy of the legal opinion

ORDER - 1

with a report on the findings to Kioyaki Nishihara, General Manager of International Sales and Marketing for Defendant Molten Corp. (Id.)

**Analysis**

Relying on the application of Fed. R. Evid. 501 in diversity jurisdiction cases, the parties spend a considerable portion of their briefing discussing attorney-client privilege rules under Washington law. However, in actions based on federal law, the federal common law of attorney-client privilege applies. Admiral Ins. Co. v. United States Dist. Court, 881 F.2d 1486, 1492 (9th Cir. 1989). Because this is a patent case, jurisdiction is not founded upon diversity of the parties and Washington law is irrelevant to the Court's analysis.

Under federal common law, the voluntary disclosure of a privileged attorney-client communication to a third party waives the privilege. United States v. Palache, 913 F.2d 1375, 1379 (9th Cir. 1990). The common interest privilege is an exception to the general rule, and it protects a communication made when a non-party sharing the client's interest is a party to a confidential communication between attorney and client. See United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir. 1987), overruled on other grounds by United States v. Jose, 131 F.3d 1325 (9th Cir. 1997). The common interest extension of the privilege is available irrespective of litigation, begun or contemplated. Continental Oil Co. v. United States, 330 F.2d 347, 350 (9th Cir. 1964). The common interest privilege applies where: (1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not been waived. In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 126 (3d Cir. 1986); Kersting v. United States, 865 F. Supp. 669, 673 (D. Haw. 1994). "The burden of establishing that the attorney-client privilege applies to the documents in question rests with the party asserting the privilege." Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).

ORDER - 2

1   Parties have a common interest when the interest shared is similar to that "shared by allied
2   lawyers and clients who are working together in prosecuting or defending a lawsuit or in certain other
3   legal transactions . . . ." United States v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003); see also In
4   re Imperial Corp. of Am., 179 F.R.D. 286, 289 (S.D. Cal. 1998) ("[The] critical inquiry is whether a
5   sufficient commonality of interests exists between the parties such that the privilege may be asserted.")

6   Defendants argue that they shared a common interest with FIBA in evaluating legal issues
7   related to the new ball design and the sponsorship agreement between them.  Defendants argue that
8   the interest was jointly shared because "Mr. Nishihara initiated the inquiry of the legality of Molten
9   Corp.'s new ball design and FIBA's competition rules."  (Resp. at 4.)  Defendants also claim that
10  although Martens produced the legal opinion at the behest of FIBA, he did so with materials provided
11  by Nishihara.

12  However, Defendants present no evidence supporting these claims.  First, Defendants did not
13  provide any declaration or evidence from Nishihara indicating that he initiated the inquiry.  The
14  conclusory assertion contained in Defendants' motion is not evidence that may be considered by the
15  Court.  Second, the evidence does not suggest that Nishihara provided materials to Martens to assist
16  him in preparing the legal opinion. Defendants identify Document 1 as the information provided to
17  Martens by Nishihara in preparing Documents 3, his legal opinion.  However, the privilege log
18  indicates that Document 1 was sent from Nishihara to Martens six months after Martens sent
19  Document 3 to Nishihara.  (Phillips Decl. Ex. 3.)  Therefore, the evidence indicates that Nishihara
20  received the legal opinion long before he sent the document describing "possible legal issues" to
21  Martens at FIBA.  Finally, the only evidence submitted by Defendants contradicts their claim that the
22  parties shared a common interest.  Martens repeatedly indicates that he works for FIBA and that the
23  legal opinion was prepared at the behest of FIBA. (Martens Decl. ¶¶ 3, 5, 8.)  Accordingly,
24  Defendants have failed to prove that they have a sufficient common interest with FIBA to escape the
25  general rule that disclosure to a third party waives the privilege.

ORDER - 3

**Conclusion**

Defendants bear the burden of establishing the attorney client privilege. Although Defendants assert that the FIBA and Molten shared a common interest regarding the documents at issue, Defendants fail to present evidence in support of their claim. Defendants are therefore ordered to produce the four withheld documents. They must provide Baden with the requested documents within <u>seven (7) calendar days</u> of this order.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: April 20, 2007.

                                        <u>s/Marsha J. Pechman</u>
                                        Marsha J. Pechman
                                        United States District Judge

ORDER - 4