UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BADEN SPORTS, INC.,

    Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN (DBA MOLTEN CORPORATION) and MOLTEN U.S.A., INC.,

    Defendants.

No. 06-cv-00210-MJP

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Overview**

This comes before the Court upon Defendants Kabushiki Kaisha Molten and Molten U.S.A.'s ("Molten's") motion for summary judgment on Plaintiff Baden Sports' ("Baden's") claim of patent infringement under 35 U.S.C. § 271. Upon review of the record (Dk. Nos. 67, 103, 105, 132, 148, 150, 151, 154, 155, 156, 158, 159, 160) and the documents submitted by the parties, this Court DENIES Molten's motion. Molten cannot show that Baden's patent would be obvious to a person of ordinary skill in the field of basketball design, because Molten has provided no evidence about the level of ordinary skill in that field. This evidentiary failure prevents Molten from showing that Baden's patent is invalid for obviousness.

**Background**

ORDER - 1

Baden and Molten are both companies that design and manufacture basketballs. On May 12, 1995, Baden filed a patent application for a "padded inflatable game ball." The U.S. Patent and Trademark Office granted Baden's application on June 10, 1997, as Patent Number 5,636,835 ("the '835 patent").

The '835 patent describes a basketball consisting of a spherical rubber bladder, a layer of winding surrounding the bladder, and a "cellular sponge layer" surrounding the winding. Narrow strips of high-density rubber are laid on top of the sponge layer, and exterior skin panels are then fitted between the strips. The end result is a basketball whose exterior consists of skin panels bordered by rubber seams, with the cellular sponge layer immediately underlying both the skin panels and the seams.

Baden soon began producing basketballs using the '835 design, under the trade name "Cushion Control Technology" ("CCT"). Baden's CCT balls achieved considerable commercial success, including an exclusive manufacturing agreement with Adidas under which Baden made CCT balls for Adidas on a private label basis.

In recent years, Molten has manufactured and marketed a line of basketballs using so-called "Dual Cushion Technology." Similar to Baden's CCT balls, Molten's Dual Cushion balls appear to have an exterior consisting of skin panels bordered by raised rubber seams and a cushioning layer underlying both the seams and the skin panels.

On February 13, 2006, Baden filed a complaint against Molten in this Court, alleging that Molten's Dual Cushion basketballs infringed Baden's '835 patent in violation of 35 U.S.C. § 271. After a series of amendments in which claims were added and deleted, Baden's Third Amended Complaint substantially repeated the patent infringement claim of its initial complaint. Molten answered the complaint on February 12, 2007, and pled the affirmative defense that the '835 patent is

ORDER - 2

invalid for obviousness. Molten filed the present motion for summary judgment on April 20, 2007, in which it reiterated the argument that the '835 patent is invalid for obviousness.

**Analysis**

**A. Elements of the Obviousness Defense**

A patent is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). Patent invalidity, including invalidity for obviousness, is a defense that may defeat an infringement claim. See, e.g., Robotic Vision Sys., Inc. v. View Engineering, Inc., 189 F.3d 1370, 1377 (Fed. Cir. 1999).

In determining whether a patent is invalid for obviousness, a reviewing court must consider: (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) objective evidence of nonobviousness. See, e.g., Eli Lilly & Co. v. Zenith Goldline Pharm., 471 F.3d 1369, 1377 (Fed. Cir. 2006) (citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966)). The party asserting invalidity through obviousness bears the burden of showing obviousness by clear and convincing evidence. Kao Corp. v. Unilever U.S., Inc., 441 F.3d 963, 968 (Fed. Cir. 2006).

**B. Application to the Present Case**

Because obviousness is an affirmative defense that Molten would bear the burden of proving at trial, Molten must present evidence of each essential element of this defense to succeed at summary judgment. See Houghten v. South, 965 F.2d 1532, 1536-37 (9th Cir. 1992). In other words, Molten must provide evidence of: (1) the scope and content of the prior art, (2) the differences between the claimed invention and the prior art, and (3) the level of ordinary skill in the art.[1]

---

[1] The final Graham factor, objective evidence of non-obviousness, is not Molten's burden to prove. Rather, if Molten makes a prima facie showing of obviousness based on the first three Graham

ORDER - 3

Molten cites a number of prior art exemplars in an effort to show that the '835 patent is invalid for obviousness. For instance, Japanese Patent Publication 40-19263 ("the '263 patent") appears to depict a basketball with raised rubber seams, while Japanese Patent Publication 40-19264 ("the '264 patent") appears to depict a basketball with a sponge layer directly underneath the exterior panels. According to Molten, it would be obvious to create the subject-matter of the '835 patent by combining the raised seam of the '263 patent with the sponge layer of the '264 patent. Similarly, U.S. Patent Number 3,506,265 ("the '265 patent") appears to depict a ball with raised seam ridges, while Utility Model Publication SHO 51-157253 ("the '253 patent") appears to depict a ball with a foam layer underneath the exterior panels. Molten argues that it would be obvious to create the '835 patent by combining the raised seams of the '265 patent with the foam layer of the '253 patent.

However, Molten has provided no evidence about the level of ordinary skill in the field of basketball design. Molten's opening brief argues that "[t]he person of ordinary skill in the construction of basketballs would be any engineer or technically knowledgeable person employed by an inflatable ball maker," but Molten fails to support this argument with references to any sworn affidavits, declarations, or other evidence.[2]

This evidentiary failure prevents Molten from showing that the '835 patent is an obvious combination of prior art elements. The level of ordinary skill is one of the "factual issues" underlying the ultimate obviousness decision. See, e.g. McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1349 (Fed. Cir. 2001). The party claiming obviousness must "show the invalidity of the [patent] by clear and convincing evidence *as to underlying facts*." Id. (emphasis added). If level of skill is one of the

---

factors, then Baden would bear the burden of rebutting the obviousness showing by presenting objective evidence of non-obviousness. See WMS Gaming, Inc. v. International Game Technology, 184 F.3d 1339, 1359 (Fed. Cir. 1999).

[2]This Court need not consider Baden's request to strike the declarations and deposition testimony that Molten attached to its reply brief. Whether or not these pieces of evidence were properly introduced, nowhere do they state the level of ordinary skill in the field of basketball design.

ORDER - 4

underlying facts that Molten must show, and Molten has produced no evidence of what the level of skill is, then it logically follows that Molten cannot carry its burden of showing that the '835 patent is obvious. To put the matter another way:

> "In determining whether an invention would have been obvious at the time it was made, section 103 requires a court (1) to determine the scope and content of the prior art; (2) to ascertain the differences between the prior art and the claims at issue; and (3) to resolve the level of ordinary skill in the pertinent art."

Ryko Mfg. Co. v. Nu-Star, Inc., 950 F.2d 714, 716 (Fed. Cir. 1991). This Court cannot "resolve the level of ordinary skill in the pertinent art," for this Court has not received evidence of what that level of ordinary skill is. Therefore, this Court cannot make sufficient factual findings to conclude that the '835 patent is invalid for obviousness.

Admittedly, the Federal Circuit has occasionally excused a district court's failure to make factual findings on the level of ordinary skill "where the prior art itself reflects an appropriate level and a need for testimony is not shown." Okajima v. Bourdeau, 261 F.3d 1350, 1355 (Fed. Cir. 2001); see also Chore-Time Equipment, Inc. v. Cumberland Corp., 713 F.2d 774, 779 (Fed. Cir. 1983). However, this does not mean that a district court should willfully ignore this Graham factor. "[I]t is always preferable for the factfinder below to specify the level of skill it has found to apply," even if it is not always reversible error when a factfinder fails to do so. Okajima, 261 F.3d at 1355. In light of the Federal Circuit's strong preference for factual findings on the level of ordinary skill, this Court is unwilling to make an obviousness determination without first making such findings. And, as stated above, this Court cannot make such findings because Molten has failed to produce any evidence of what the level of ordinary skill is.

Like all patents, the '835 patent enjoys a presumption of validity. See 35 U.S.C. § 282. While Molten can rebut this presumption through a clear and convincing showing of obviousness, this Court

ORDER - 5

is unwilling to overturn the presumption when Molten has failed to produce any evidence on one element of its obviousness defense.[3]

## Conclusion

Because Molten has provided no evidence of the level of ordinary skill in the field of basketball design, Molten cannot show that Baden's patent would be obvious to a person of ordinary skill in that field. Therefore, Molten cannot carry its burden of showing that Baden's patent is invalid for obviousness. Molten's motion for summary judgment on Baden's infringement claim is DENIED.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: \_\_\_\_\_, 2007.

_____
Marsha J. Pechman
United States District Judge

---

[3] In a letter sent to the Court on May 21, 2007, Molten made a belated effort to show the level of ordinary skill in the field. This Court will not consider Molten's letter in deciding the present motion, as Molten's letter was sent after all briefing and argument was concluded and thus offered Baden no opportunity to respond.

ORDER - 6