UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BADEN SPORTS, INC.,

    Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN (DBA MOLTEN CORPORATION) AND MOLTEN U.S.A. INC.,

    Defendants.

No. C06-210MJP

ORDER GRANTING IN PART BADEN'S MOTION TO COMPEL PRODUCTION OF LOGGED DOCUMENTS

This matter comes before the Court on Plaintiff Baden's motion to compel the production of documents identified in Molten's privilege log. (Dkt. No. 140.) Having considered Baden's motion, Defendants' response (Dkt. No. 164), Plaintiff's reply (Dkt. No. 166), all documents submitted in support thereof, and the record herein, the Court GRANTS IN PART and DENIES IN PART Baden's motion.

Baden filed its motion on April 13, 2007, requesting that the Court order production of 37 documents identified in Molten's privilege log. On April 26, before filing its response, Molten produced 34 of the 37 documents. Molten continues to maintain privilege with respect to Document Nos. 3, 7, and 37.

**Document No. 3.** Document No. 3 is identified as a report sent from Mr. Tatebe to Messrs. Nishihara, Mutsuki, Saeki, Hirata, Araya, and Nagao regarding Mr. Nagao's details of the meeting among Messrs. Armstrong, Mr. Nagao, Mr. Tatebe and Japanese patent attorney Mr. Asahine regarding the status of the litigation, prior arts found, costs, schedule for meeting, and potential

ORDER - 1

1  negotiation with Baden. (See Seffernick Decl., Ex. A.)  Molten argues that this document is

2  privileged because it is an "internal client report" regarding a meeting at which the client sought legal

3  advice regarding future conduct of the litigation.  Molten does not identify Mr. Tatebe, or any of the

4  recipients of this document, as attorneys.  Because no attorney was involved in this communication, it

5  does not deserve attorney-client protection.  Molten has also failed to state any legal or factual basis

6  for a finding of work-product protection.

7  **Document No. 7.**  Document No. 7 is identified as a document sent from Mr. Tatebe to

8  Messrs. Nishihara, Hirata, and Nagao regarding the answer to Baden's complaint drafted by counsel

9  for Molten. (See Seffernick Decl., Ex. A.)  Molten argues that this document contains legal advice in

10 the form of a draft answer to Baden's complaint.  But again, because Molten does not identify the

11 sender or recipients as attorneys, no attorney-client privilege attaches to this communication.  And

12 Molten has not argued any legal or factual basis on which the Court could find work-product

13 privilege.

14 **Document No. 37.**  Document No. 37 is identified as an opinion sent to Molten Corp. by

15 attorneys Colianni and Armstrong regarding infringement, including claim construction of Baden's

16 '835 patent, comparison of the claims, the prosecution history, and the claim chart. (See Seffernick

17 Decl., Ex. A.)  This communication from attorneys to their client is protected by attorney-client

18 privilege.  Defendants have not waived this privilege by producing other documents sent from or to

19 Molten's attorneys.

20 //

21 //

22 //

23 //

24 //

25 //

26 //

ORDER - 2

Because Molten has failed to carry its burden of establishing that Document Nos. 3 and 7 are privileged, the Court GRANTS Baden's motion as it pertains to those documents. Molten must produce copies of those documents within five (5) judicial days of the date of this order. But Document No. 37 is privileged, and therefore need not be produced. Baden's request that the Court order production of Document No. 37 is therefore DENIED.

The clerk is directed to send copies of this order to all counsel of record.

Dated: May 23rd, 2007.

Marsha J. Pechman
United States District Judge