UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BADEN SPORTS, INC.,

    Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN (DBA MOLTEN CORPORATION) AND MOLTEN U.S.A. INC.,

    Defendants.

No. C06-210MJP

ORDER GRANTING MOTION TO EXCLUDE MOLTEN CORP. WITNESSES AT TRIAL

This matter comes before the Court on Plaintiff Baden's motion to exclude any and all Molten Corporation witnesses from trial. (Dkt. No. 197.) Defendants Molten Corp. and Molten U.S.A. (collectively "Defendants" or "Molten") oppose the motion. (Dkt. No. 203.) Having considered the motion and response, Plaintiff's reply (Dkt. No. 216), and all documents submitted in support thereof, the Court GRANTS Plaintiff's motion.

**Background**

Throughout this litigation, Defendants have only formally disclosed two witnesses: in their Initial Disclosures, Molten U.S.A. identified Melissa Dawson and Kiyoaki Nishihara as individuals likely to have discoverable information. (Phillips Decl., Ex. 2.) Molten Corp. never disclosed any witnesses under Fed. R. Civ. P. 26. On February 27, 2007, Molten's counsel sent Baden's attorneys an e-mail in response to Baden's Federal Rule 30(b)(6) deposition notice. In addition to Mr. Nishihara, Molten designated two Molten Corp. employees as Molten Corp.'s representatives for some of the Rule 30(b)(6) categories. (Phillips Decl., Ex. 7.) Molten's attorneys also informed Baden

ORDER - 1

that "Molten Corp. will not be producing Molten Corp. employees at trial." (Id.)  On March 21, Baden's counsel sent a letter to Molten's attorneys regarding the need to discuss whether any Molten Corp. witnesses would be offered at trial. (Id., Ex. 8.)  Baden's counsel wrote: "Your decision on this issue might impact whether we go ahead with Molten Corp. Rule 30(b)(6) depositions of individuals other than Mr. Nishihara." (Id.)  In response, on March 26, 2007, Molten's counsel sent an e-mail to Baden's attorneys that stated: "Please be advised that there will not be any Molten Corp. witnesses at the trial." (Id., Ex. 1.)  Also on March 26, Baden informed Molten that it would be pursuing a claim that Molten's new redesigned basketball infringed Baden's '835 patent. (See Dkt. No. 131.)

By the Court's scheduling order, discovery closed on April 18, 2007. (Dkt. No. 36.)  Trial is scheduled to begin on August 6, 2007. (Id.)

On June 20, 2007, Molten's attorney notified Baden that they expected to call Hidesuki Kiriki at trial. (Phillips Decl., Ex. 9.)

Baden argues that all Molten Corp. witnesses should be excluded.  Molten argues that the Court should not exclude Mr. Kiriki.

**Discussion**

A party cannot wait until the last hour to designate witnesses.  Federal Rule 26(a) requires every party to identify individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A).  Federal Rule 26(e) requires parties to supplement their initial disclosures under Rule 26(a) "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).   Under Federal Rule 37(c), a party "that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

1    Here, Molten Corp. does not dispute that it never identified any witnesses pursuant to Federal
2 Rule 26(a).  Molten Corp. argues that it did not provide Rule 26(a) disclosures because it "did not
3 become a party to this Action until January 18, 2007," when the Court ruled that it had personal
4 jurisdiction over Molten Corp. (See Dkt. No. 96.)  But Rule 26(a) does not exempt from its
5 disclosure requirements parties challenging personal jurisdiction.  And even if there were such an
6 exemption, Molten has not offered any excuse for its failure to provide Rule 26(a) disclosures
7 between January 18, 2007, and June 20, 2007, when it finally identified Mr. Kiriki as a testifying
8 witness.  Thus, Molten Corp. has failed to properly disclose its witness under Fed. R. Civ. P. 26(a).

9    Moreover, Molten revealed its intention to call Mr. Kiriki after the discovery cut-off in this
10 case.  By the Court's scheduling order, discovery closed on April 18, 2007.  The Court's scheduling
11 order provides for an orderly progression of discovery and motions practice leading towards trial.
12 Molten never requested leave to disclose its witness outside the discovery period and its late
13 disclosure leaves Baden without time to conduct discovery regarding this witness.  Molten's attempt
14 to identify a witness after discovery already closed runs afoul of the Court's scheduling order.

15    Finally, Molten Corp. has offered no good reason why it should not be held to its attorney's
16 representation that it would not call witnesses at trial.  Molten argues that it did not know until March
17 26, 2007, that Baden would be amending its claims to include a patent infringement claim based on
18 Molten's "new" basketball.  Molten argues that Mr. Kiriki will testify regarding the construction of
19 the "new" Molten basketball and Molten's JP '253 patent, on which the "new" design is based.  But
20 Molten does not explain the delay between March 26, when Molten Corp. informed Baden that it
21 would not be calling trial witnesses and when Baden informed Molten that it would accuse Molten's
22 "new" ball of infringing Baden's '835 patent, and June 20, when Molten disclosed Mr. Kiriki as a
23 testifying witness.  And although Molten has offered to make Mr. Kuriki available for deposition at
24 Baden's convenience and at Molten's expense prior to trial (see Defs.' Resp. at 4), as Baden's
25 attorney explains in his declaration, Baden will still be prejudiced by the late disclosure because Baden
26

ORDER - 3

1 changed the focus of its discovery when it learned that Molten Corp. would not be calling any trial
2 witnesses. (See Phillips Decl. ¶ 2.)
3      Because Molten's delay in disclosing its intention to call Mr. Kiriki is inexcusable, and
4 because allowing Mr. Kiriki to testify would be prejudicial to Baden, under Fed. R. Civ. P. 37(c) and
5 as a matter of fundamental fairness, the Court will exclude Mr. Kiriki and/or any other Molten Corp.
6 witnesses from testifying at trial.  Baden's motion to exclude is therefore GRANTED.
7      Dated: July 13th, 2007.

                                                        Marsha J. Pechman
                                                        United States District Judge

ORDER - 4