UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BADEN SPORTS, INC.,

    Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN (DBA MOLTEN CORPORATION) AND MOLTEN U.S.A. INC.,

    Defendants.

No. C06-210MJP

ORDER DENYING MOTION TO EXCLUDE KRISTA HOLT AS DEFENDANTS' EXPERT WITNESS

This matter comes before the Court on Plaintiff's motion to exclude Defendants' expert Krista Holt from testifying at trial. (Dkt. No. 199.) Defendants oppose the motion. (Dkt. No. 206.) Having considered Plaintiff's motion, Defendants' response, Plaintiff's reply (Dkt. No. 219), Defendants' surreply (Dkt. No. 223), and all documents submitted in support thereof, the Court DENIES without prejudice Plaintiff's motion.

In its motion, Plaintiff requests that the Court exclude Krista Holt as an expert witness because Defendants have not produced certain documents that Baden claims should have been produced either in response to Plaintiff's Request for Production or pursuant to the subpoena served on Ms. Holt. Defendants' response focuses on a single "Interbrand" document.[1] Defendants argue that Plaintiff's subpoena did not cover the Interbrand document because Ms. Holt never used or

---

[1] Interbrand is apparently a company that Molten hired to promote its "Dual Cushion Technology" basketballs as well as other products. Baden argues that any documents created that concern Interbrand would be responsive to Baden's request to produce documents related to the development and marketing of Molten's advanced technologies.

ORDER - 1

relied upon that document in formulating her opinions. Defendants also argue that the Interbrand document would not have been responsive to Baden's request for production. Defendants argue that Baden's request to sanction Molten by excluding Ms. Holt is out of proportion to any error on Defendants' part. Defendants also state in their response that they will actually produce the Interbrand document. (Def.'s Resp. at 8.)

In its reply, Baden argues that Molten failed to comply with the federal rules, not just because it did not timely produce the Interbrand document, but also because it failed to timely produce the email communications between Defendants and Ms. Holt,[2] and never produced communications between Ms. Holt's "internal team" and Ms. Holt or drafts of her expert report. In a surreply, Molten asks the Court to strike argument and evidence related to unproduced documents other than the Interbrand document. (See Dkt. No. 223.) Molten points out that Baden's motion to exclude focused solely on the Interbrand document as the basis for its exclusion argument. But Baden had mentioned the email communications between Ms. Holt and Defendants and drafts of her expert report, as well as Interbrand documents, in the fact section of its opening motion.

The Court need not resolve the issue of whether to strike portions of Baden's reply brief. The Court will not exclude Ms. Holt's testimony outright. But the Court also will not condone any failure on Molten's part to comply with the applicable rules of federal procedure. The Court therefore DENIES without prejudice Baden's motion to exclude. If, at trial, Molten attempts to offer opinions of Ms. Holt that may be supported by the allegedly withheld or late-disclosed documents, Baden may object to those opinions, and the Court will rule at that time whether such opinions should be excluded.

Dated: July 23rd, 2007.

*[signature]*

Marsha J. Pechman
United States District Judge

---

[2] Defendants did produce email communications between Defendants and Ms. Holt on April 27, 2007. (See Supp. Phillips Decl., Ex. 2.)

ORDER - 2