UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BADEN SPORTS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>KABUSHIKI KAISHA MOLTEN (DBA MOLTEN CORPORATION) AND MOLTEN U.S.A. INC.,<br><br>        Defendants. | No. C06-210MJP<br><br>ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT RICHARD YALCH AND HIS EXPERT REPORT AT TRIAL |

      This matter comes before the Court on Defendants' motion to exclude Plaintiff's expert report of Richard Yalch and testimony for failure to satisfy the requirements of Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999). (Dkt. No. 226.) Plaintiff opposes the motion. (Dkt. No. 239.) Having considered the motion, response, and reply (Dkt. No. 254), and all documents submitted in support thereof, the Court DENIES Defendants' motion.

      Defendants argue that Mr. Yalch's testimony and report are speculative. They argue that Mr. Yalch does not have the knowledge or experience to qualify as an expert in calculating future sales, and that his calculation is not based on sufficient data, and is not calculated according to a reliable methodology. Plaintiff argues that, as a marketing professor and consultant, Mr. Yalch is qualified to testify. In support of Plaintiff's Lanham Act claims, Mr. Yalch will testify that the amount of money Molten paid basketball organizations FIBA and USA Basketball for sponsorship and advertising can be used to ascertain the financial benefit Molten derived from advertising its "dual cushion

ORDER - 1

1  technology." Plaintiff argues that this method of measuring financial benefit is defensible. Plaintiff
2  also argues that Mr. Yalch did not need to use consumer surveys to reach his opinion, and that his
3  testimony regarding an increase in Molten's sales and the color of Molten's basketballs are not
4  grounds to exclude his testimony.

5        The Court agrees with Plaintiff. Mr. Yalch is qualified to testify and his testimony regarding
6  the amount of money Molten spent on its sponsorship agreements and advertising is relevant to the
7  question of the financial benefit Molten gained from advertising its "dual cushion technology." The
8  Court DENIES the motion to exclude Mr. Yalch's testimony and expert report.

9        The clerk is directed to send copies of this order to all counsel of record.

10  Dated: July 31st, 2007.

                                     Marsha J. Pechman
                                     United States District Judge