UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BADEN SPORTS, INC.,

                           Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN (DBA
MOLTEN CORPORATION) AND MOLTEN
U.S.A. INC.,

                           Defendants.

No. C06-210MJP

ORDER GRANTING IN PART AND
DENYING IN PART BADEN'S
MOTION TO EXCLUDE
EVIDENCE CONCERNING
WITNESSES, EXHIBITS, AND
INVALIDITY

This matter comes before the Court on Plaintiff Baden's motion for an order excluding

witnesses, exhibits, and any evidence as to invalidity based on Defendants' failure to comply with

Federal Rules 26 and 30(b)(6). (Dkt. No. 227.)  Defendants Molten Corporation and Molten U.S.A.

oppose the motion. (Dkt. No. 240.)  Having considered the motion and response, the reply (Dkt. No.

247), the surreply (Dkt. No. 256), and all documents submitted in support thereof, the Court

GRANTS IN PART and DENIES IN PART Baden's motion.

Baden argues that Defendants failed to comply with Federal Rules 26(a) and (e), and

30(b)(6).  Federal Rule 26(a) requires every party to identify individuals likely to have discoverable

information that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P.

26(a)(1)(A).  Federal Rule 26(e) requires parties to supplement their initial disclosures under Rule

26(a) "if the party learns that in some material respect the information disclosed is incomplete or

incorrect and if the additional or corrective information has not otherwise been made known to the

other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).  Federal Rule

ORDER - 1

1    30(b)(6) requires a corporation to designate a person to testify "as to matters known or reasonably

2    available to the organization."  Under Federal Rule 37(c), a party "that without substantial

3    justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior

4    response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted

5    to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

6            Given these rules, the Court ORDERS as follows:

7    **A.     Witnesses**

8            1) <u>Mr. Kuriki</u>: Mr. Kuriki is already precluded pursuant to the Court's prior order. (<u>See</u> Dkt.

9    No. 235.)  Defendants have not moved for reconsideration of that order, and the time for filing a

10   motion for reconsideration has passed. <u>See</u> Local CR 7(h).  Defendants may not call Mr. Kuriki.

11           2) <u>Ms. Russo</u>: Molten has indicated that Ms. Russo is withdrawn.  Defendants may not call

12   Ms. Russo.

13           3) <u>Mr. Barker</u>: Defendants did not identify Mr. Barker as a witness until July 9, more than

14   three months after the close of discovery, and less than thirty days before the start of trial.

15   Defendants argue that they did not realize the need for Mr. Barker's testimony until May 23, when

16   the Court denied Defendants' motion for summary judgment regarding obviousness for the reason

17   that Defendants had failed to present any evidence regarding level of ordinary skill in the art.  But

18   even if Defendants did not realize until May 23 that they needed a witness to testify regarding

19   ordinary skill, they offer no explanation for the delay between May 23rd and July 9th, when they

20   finally disclosed Mr. Barker.[1]  This delay is inexcusable and prejudicial to Baden.  Defendants may

21   not call Mr. Barker at trial. <u>See</u> Fed. R. Civ. P. 37(c).

22           4) <u>Ms. Holt</u>: Baden's motion does not seek to exclude Ms. Holt.  In a separate order, the

23   Court denied without prejudice Baden's motion to exclude Ms. Holt. (<u>See</u> Dkt. No. 248.)

24

25   _____

26           [1]      On May 29, 2007, Defendants submitted Mr. Barker's declaration as part of their
     opposition to Baden's motion for summary judgment. But that submission does not constitute disclosure
     under the federal rules.

ORDER - 2

1  Defendants may call Ms. Holt at trial, and Baden may raise its objections to her testimony at that

2  time.

3      5) <u>Mr. Bjorge</u>: Defendants agree with Plaintiff that they originally identified Mr. Bjorge as a

4  rebuttal expert witness. (Def.'s Resp., at 6.)  Baden indicates that it has withdrawn the expert witness

5  that Mr. Bjorge was supposed to rebut. (Plf.'s Rep. at 4.)   Defendants may call Mr. Bjorge as a

6  rebuttal expert witness, but only if Baden offers testimony or evidence that Mr. Bjorge will rebut.

7  **B.      Exhibits**

8      1) <u>A-37</u>: Baden withdraws its motion to exclude regarding this exhibit, but reserves the right

9  to contest admissibility on other grounds.  Molten may offer this exhibit at trial, and Baden may make

10  any objection, except for a late-disclosure objection, at that time.

11      2) <u>A-37 through A-39</u>: These three exhibits are Japanese patents that Molten offers as proof

12  of prior art.  Although Baden admits that Molten disclosed these Japanese patents in December 2006,

13  Baden argues that Molten did not include a certification of the translation of the documents or

14  identify Naho Iida as the translator of those documents until April 20, 2007, after the close of

15  discovery.  Baden argues that the Court should preclude Molten from using these translations as trial

16  exhibits when the translator was not identified and when certifications of translations were not

17  produced during discovery.

18      The Court will not exclude these exhibits.  Baden was aware of these Japanese patents, and

19  the English translations, as early as December 2006.  Baden could have secured its own translator to

20  re-translate the patents.  That said, Baden may renew its objection to the quality of the translations at

21  trial.  Both parties should be ready to certify any translated documents to the satisfaction of the Court

22  at the time of trial.

23      3) <u>A-100 through A-103</u>: These exhibits are photographs of cross sections of the Baden

24  Lexum basketball and the Molten new design ball.  Both parties have had access to the balls

25  themselves; these photographs serve as an efficient means of putting the information in front of the

26  jury.  Therefore, any late disclosure is harmless. <u>See</u> Fed. R. Civ. P. 37(c).

ORDER - 3

1    4) <u>A-104</u>: Molten has withdrawn A-104.  Molten may not use exhibit A-104 at trial.

2    5) <u>A-115 through A-118</u>: Baden indicates that exhibit A-115 is a chemical analysis of the skin

3    layer of the Spalding basketball embodying the teachings of the '178 patent.  Exhibits A-116, A-117,

4    and A-118, are all pieces of the Spalding ball.  Molten states in its opposition that it only recently

5    obtained the Spalding ball on July 3, 2007, and disclosed the exhibit on July 9, 2007.  The Court

6    makes no ruling on these exhibits at this time.  If Molten offers these exhibits at trial, the parties may

7    argue about whether Baden had prior notice of Molten's intention to use the chemical analysis or

8    parts of the Spalding ball, and whether any late disclosure would be prejudicial to Baden.

9    6) <u>A-220</u>: Exhibit A-220 is the file history of Baden's '283 patent.  In Baden's First and

10   Second Amended complaints, Baden alleged infringement of its '283 patent. (<u>See</u> Dkt. Nos. 9 & 25.)

11   Baden admits that Molten has made reference to this file history in various briefs filed during the

12   course of this litigation.  Although Molten did not disclose this exhibit until July 9, because this

13   exhibit has been part of the record, and because Baden is familiar with this exhibit, the late disclosure

14   is harmless. <u>See</u> Fed. R. Civ. P. 37(c).

15   **C.    Exclusion of documents, testimony, or evidence related to invalidity**

16   Baden argues that Defendants should not be permitted to present any documents, testimony,

17   or evidence relating to invalidity of Baden's '835 patent.  With respect to Molten Corporation, the

18   Court has already issued an order excluding all Molten Corporation witnesses. (<u>See</u> Dkt. No. 235.)

19   Therefore, Molten Corporation may not offer any documents, testimony, or evidence related to

20   invalidity.

21   With respect to Molten U.S.A., Molten U.S.A. named Mr. Nishihara as its Rule 30(b)(6)

22   witness knowledgeable about Defendants' claim that Baden's patent was invalid.  At his deposition,

23   Mr. Nishihara indicated that he was not familiar with the prior art that allegedly invalidates Baden's

24   '835 patent. (Phillips Decl., Ex. 6, Nishihara Dep. pp. 140-141.)  Mr. Nishihara testified that he did

25   not know of the facts that led Molten Corporation's technical department to believe that they can

26   invalidate Baden's patents. (<u>Id.</u>, pp. 233-234.)  Mr. Nishihara also testified that he had no facts or

ORDER - 4

1   knowledge regarding Molten's affirmative defenses related to invalidity. (Id., at 234-237.)  And Mr.

2   Nishihara testified that he had not read Molten's two Japanese patents that Defendants claim support

3   their invalidity argument. (Id., at 234.)  Baden requests that, based on Molten U.S.A.'s failure to

4   offer a witness knowledgeable about the invalidity topics in the 30(b)(6) notice, the Court exclude all

5   testimony or evidence from Molten U.S.A. regarding invalidity.

6         The Court will not issue such a sanction.  But Mr. Nishihara's deposition testimony is binding

7   on him and on Molten U.S.A.  Molten U.S.A. may offer Mr. Nishihara as a witness, but Molten

8   U.S.A. cannot offer testimony or evidence on the issue of invalidity beyond that which Mr. Nishihara

9   testified to at his deposition.

10  **D.     Advice of Counsel**

11        Baden asks that the Court preclude Defendants from offering any testimony or evidence that

12  relates to the issue of reliance on advice of counsel.  Defendants do not intend to assert reliance on

13  advice of counsel. (Def.'s Resp. at 9.)  Therefore, no in limine order is necessary.

14  **E.     Motion to Strike**

15        Molten requests that the Court strike Baden's reply because it is three pages overlength, in

16  violation of Local Civil Rule 7(e).  The Court will not strike the Reply.  Baden's motion to exclude

17  covered numerous witnesses and exhibits; Baden could have filed multiple motions in limine.  The

18  extra pages of briefing were not excessive considering the number of topics covered.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

ORDER - 5

1

**Conclusion**

2        Baden's motion to exclude is GRANTED IN PART and DENIED IN PART.  Molten may

3   not call Mr. Kiriki, Ms. Russo, or Mr. Barker.  Molten may call Ms. Holt.  Molten may call Mr.

4   Bjorge as an expert rebuttal witness.  Regarding exhibits, the Court has not excluded any exhibits at

5   this time.  Regarding evidence of invalidity, Molten Corp. will not be offering any evidence or

6   witnesses.  Mr. Nishihara may testify on behalf of Molten U.S.A. regarding invalidity, but he and

7   Molten U.S.A. are bound by his deposition testimony on that topic.  Finally, Defendants will not be

8   relying on an "advice of counsel" defense.

9        The clerk is directed to send copies of this order to all counsel of record.

10        Dated: August 2nd, 2007.

11

12

Marsha J. Pechman
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6